# LEWIS, CLIFTON & NIKOLAIDIS, P.C.

### ATTORNEYS AT LAW

350 SEVENTH AVENUE
SUITE 1800
NEW YORK, N.Y. 10001-5013
(212) 419-1500

FACSIMILE
(212) 419-1510

DANIEL E. CLIFTON
LOUIE NIKOLAIDIS *
ELAINE L. SMITH

JULIAN GONZALEZ

OF COUNSEL
MARK J. LOPEZ *

* ADMITTED IN NY AND NJ
* ADMITTED IN NY, NJ AND IL

EVERETT E. LEWIS (1924-2007)

NEW JERSEY OFFICE
340 GEORGE STREET
NEW BRUNSWICK, N.J. 08901
(732) 690-0100

[stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 12/2/10]

November 18, 2010

[stamp: NOV 19]

BY FAX (212) 805-7928

Hon. Michael H. Dolinger
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   Oakley v. Verizon Communications, Inc.
      09 Civ. 9175 (CM) (MHD)

Dear Magistrate Judge Dolinger:

I represent plaintiffs in the above-referenced action. This is a class action alleging violations of the Family Medical Leave Act against Verizon Communications, Inc. and 18 other defendants. The action was brought by more than 40 named plaintiffs, and plaintiffs estimate that the putative class exceeds 40,000 individuals. Class discovery has been ongoing since April 2010.

The number of named plaintiffs, the size of the putative class and the scope of the allegations have led to a high volume of discovery, notwithstanding the limited nature of "class discovery." To date, the parties have exchanged over 70,000 pages of documents. Defendants have deposed 29 named plaintiffs, and another seven depositions have been scheduled. Since the deponents live throughout the Northeast and mid-Atlantic, it has required time and some effort to schedule them. In addition, defendants have subpoenaed documents from 20 local unions affiliated with the Communications Workers of America and other third parties. Compiling the documents for production, reviewing the document production, and scheduling the depositions of plaintiffs has taken an enormous amount of time. Although the parties have generally cooperated in this process, one issue, concerning email production, has been very difficult to resolve.

On November 9, 2010, I requested a referral to a Magistrate Judge to resolve a dispute concerning email production and the depositions of Rule 30(b)(6) witnesses. An order of

*ENDORSED ORDER*

Application granted [handwritten signature]
12/2/10

reference was entered by Judge McMahon on November 10, 2010. Since that time, the parties have made additional attempts to resolve the dispute, and have agreed upon a procedure which may obviate the need for a conference. However, class discovery is now set to close on December 13, 2010, and the resolution of this dispute will unquestionably require additional time.

In their discovery demands, plaintiffs requested production of internal communications within Verizon, and among the other defendants, concerning policies, practices, procedures, complaints, discipline and other FMLA issues. Even after plaintiffs narrowed their request to the email of certain named individuals, defendants advised that such production would involve an extraordinary volume of documents, would cost hundreds of thousands of dollars and would take many months to collect, review, redact and produce. Since plaintiffs believed they were entitled to the email production, and that it was important to obtain the emails prior to taking the depositions of defendants' Rule 30(b)(6) witnesses, the parties appeared to be at an impasse. However, in a number of conversations last week, the parties agreed to a procedure for moving forward. Defendants are first going to produce a sampling of emails, specifically the emails of four individuals for a relatively short period of time (one to three months). Plaintiffs have been advised that the sampling alone may consist of several thousand pages. After a review of this sampling, plaintiffs will attempt to narrow the scope of their request in terms of both subject matter and time period. In this way, the parties hope to make the email production both relevant and manageable.

However, it is impossible to know at this point how many documents will ultimately be produced, and how much time it would take to review them. The depositions of the Rule 30(b)(6) witnesses have been held in abeyance pending the resolution of this matter, since plaintiffs do not wish to be in the position of recalling witnesses following the email production (and defendants have adamantly opposed any proposal to do so). As a consequence, we are extremely concerned about the current discovery deadline. We would ask that the court lift the discovery deadline and allow the parties to proceed with their agreed upon plan, with the understanding that we will keep the court updated on our progress on this issue and will provide a status report by December 13, 2010.

Very truly yours,

Daniel E. Clifton

cc:     Lorie E. Almon, Esq.
        Christie Del Rey-Cone, Esq.
        Mary O'Melveny, Esq.
        Gabrielle Semel, Esq.
        Elaine Smith, Esq.

2