UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS OAKLEY, LUCIANO ABBATIELLO,          :
STEVE ACIERNO, RON ADDEO, THOMAS BARRY,     :
ALYSON BRADLEY, CHARLES BRADY, MARCEL       :
CABRERA, JOSEPH CARBALLO, MATTHEW           :     **ECF CASE**
CHRISTIE, LAUREN COLCLOUGH, AILEEN          :
CORNIELLE, MIKE DOWD, PAUL DUNN, LATONIA    :     09 Civ. 9175 (CM-MHD)
EPPERSON, JULIET FOUNTAIN, GAVIN FRATER,    :
BRENDA FRITCHY, NILSA GREENE, ADRIANE       :
GRZYBOWSKI, ELAINE HENDERSON, GEORGE        :
HOLMAN, KEVIN KAER, KELLY LEE, JEFFREY      :
LEROY, DENISE LOPEZ, ANGELA LUCAS, MARY     :
MARTINI, CHRISTOPHER MCCARTHY, DENNIS       :
MCGEE, NOEL MELENDEZ, ED MIDDENDORF,        :
DEBBIE MONROE, LAURA NUSS, DAMIAN PARRA,    :
RAY PEAY, KIMBERLY PEREIRA, MICHELLE PROCK, :
PAM REINHEIMER, DAISY RIVERA, ANTHONY       :
SICURANZO, MARCHELLE SMITH, CHARLES         :
SPINALE, TAMMI TERRELL, JAMES TREADWAY,     :
MINDY VEGA, LORRIS WATSON, JUDITH           :
WHIGHAM, and ADRAINE WHITNEY, individually and :
on behalf of all others similarly situated,    :
                                            :
                    Plaintiffs,             :
                                            :
          v.                                :
                                            :
VERIZON COMMUNICATIONS, INC., VERIZON       :
WASHINGTON, DC INC., VERIZON SOUTH INC.,    :
VERIZON DELAWARE LLC, VERIZON AVENUE        :
CORP. (D/B/A VERIZON ENHANCED COMMUNITIES), :
VERIZON PENNSYLVANIA INC., VERIZON NEW      :
ENGLAND INC., VERIZON NEW JERSEY INC.,      :
VERIZON SELECT SERVICES INC., VERIZON       :
TELEPRODUCTS CORP., VERIZON CONNECTED       :
SOLUTIONS INC., VERIZON NEW YORK INC., EMPIRE :
CITY SUBWAY COMPANY (LIMITED), VERIZON      :
MARYLAND INC., VERIZON VIRGINIA INC.,       :
VERIZON WEST VIRGINIA INC., VERIZON SERVICES :
CORP., VERIZON CORPORATE SERVICES CORP.,    :
                                            :
                    Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' DECLARATIONS IN SUPPORT OF CLASS CERTIFICATION**

## TABLE OF CONTENTS

**Page**

ANALYSIS.................................................................................................................. 1

CONCLUSION........................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amorosa v. Ernst & Young LLP*,
   682 F. Supp. 2d 351 (S.D.N.Y. 2010)..................................................................2

*Designs by Skaffles, Inc. v. New L&N Sales & Mktg., Inc.*,
   No. 99-CV-1056(NRB), 2000 WL 648070 (S.D.N.Y. May 19, 2000) ...................1

*LoSacco v. City of Middletown*,
   71 F.3d 88 (2d Cir. 1995)....................................................................................1

*Post v. Killington, Ltd.*,
   No. 10-2376-CV, 2011 WL 2138057 (2d Cir. June 1, 2011) (summary order) ......................1

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. ___, 2011 WL 2437013 (June 20, 2011) ................................................3

**OTHER AUTHORITIES**

Rule 2.C ...............................................................................................................2

On May 31, 2011, the above-named Plaintiffs filed their Notice of Motion seeking to certify this action as a class action. (*See* ECF No. 43.) In support of this motion, Plaintiffs filed a Memorandum of Law that does not contain a facts section, together with thirty-seven detailed and substantive Declarations, which, collectively, do not comply with the Court's Individual Practice Rules. (*See* ECF Nos. 43-84.) Specifically, Plaintiffs have blatantly ignored the Court's rule that: "Parties shall not attempt to avoid the [Court's] page limits by attaching an affidavit or declaration in lieu of a fully developed facts section. The facts section of a memorandum must include all of the facts that you will discuss or rely upon for purposes of the motion under consideration." Individual Practices of Judge McMahon 2.C. In light of the Court's clear admonition that "[f]*ailure to comply with any of these guidelines will result in the memorandum being stricken*," *id*. (italics in original), the above-named Defendants hereby move to strike the Plaintiffs' Declarations or, in the alternative, to provide Defendants with an additional ten pages (up to and including 60 pages) to fully address the extensive factual record in this action.

Further, due to Defendants' pending deadline of July 28, 2011 to submit their papers in opposition to Plaintiffs' Motion for Class Certification, Defendants respectfully request that the Court enter an expedited briefing schedule regarding the foregoing Motion to Strike. Defendants respectfully propose that Plaintiffs be provided until Wednesday, July 20, 2011, to respond to the foregoing motion, with Defendants' reply, if any, due on Friday, July 22, 2011.

## ANALYSIS

It is well-settled that this Court retains "considerable deference" to interpret and apply its own Local and Individual Rules. *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995); *see also Post v. Killington, Ltd.*, No. 10-2376-CV, 2011 WL 2138057, at *1 n.2 (2d Cir. June 1, 2011) (summary order) (district court did not exceed "considerable deference" by striking certain materials from memorandum of law for failure to adhere to Local Rules); *Designs by Skaffles, Inc. v. New L&N Sales & Mktg., Inc.*, No. 99-CV-1056(NRB), 2000 WL 648070, at *1

(S.D.N.Y. May 19, 2000) (striking memorandum of law for failure to adhere to Individual Rules).  Indeed, as this Court has warned litigants on at least one occasion, the failure to comply with the Court's Individual Rules will result in a brief being stricken from the record.  *See Amorosa v. Ernst & Young LLP*, 682 F. Supp. 2d 351, 379 (S.D.N.Y. 2010) (McMahon, J.).  Plaintiffs' failure to adhere to the Court's Individual Rules regarding their papers in support of the Motion for Class Certification warrants the exercise of this discretion.

This Court's Individual Rule 2.C clearly required that: (1) Plaintiffs include a "fully developed facts section" in their Memorandum of Law; (2) this section must include all of the facts that Plaintiffs discuss or rely upon for purposes of their motion; and (3) Plaintiffs may not subvert the Court's page limits by attaching declarations with substantive factual assertions not contained in the facts section.  The Court previously granted Plaintiffs permission to submit a forty page memorandum of law.  (ECF No. 42.)  Upon consent of Plaintiffs' counsel, and given the volume of the record in this action, the Court granted a similar request that Defendants be permitted to extend the page limit of their Memorandum of Law to fifty pages.  (*See* ECF No. 86.)

Despite Plaintiffs having been given permission to submit a forty page brief, their Memorandum of Law contains *no facts section whatsoever* but, rather, Plaintiffs have included, throughout their brief, references to their detailed supporting Declarations and attached exhibits.  By way of example, on pages 16 and 17 of their Memorandum of Law, Plaintiffs make the conclusory statement that "[t]he experiences of 12 plaintiffs are typical of the class."  (*See* Memo. of Law in Support of Pls.' Mot. for Class Certification ("Pls.' Memo.") at 16-17.)  In support of this assertion, Plaintiffs have cited, without further explanation, a footnote containing citations to 12 separate declarations.  (*See id*. n.7.)  Similar conclusory citations to external Declarations, in clear violation of the Court's Individual Rules, occur throughout Plaintiffs'

Memorandum of Law. (*See, e.g.*, *id*. at 19 & n.8; 22 & nn. 9 & 10; 23-24 & n.11; 25 & n.12; 30 & n.13; 32 & n.14.) Further heightening the prejudice to Defendants, Plaintiffs' Declarations also contain extensive, gratuitous factual allegations that are not contained in their Amended Complaint, in contravention of the terms of the parties' Stipulation and Order, signed by this Court on June 22, 2011. (*See* ECF No. 85.) By clear example, the Declaration of Plaintiff Matthew Christie contains wholly new allegations that are absent from Plaintiffs' Amended Complaint. (*See* Declaration of Matthew Christie ¶¶ 3-12.) Plaintiffs' remaining Declarations similarly contain extensive, newly minted and substantially altered factual allegations as compared to their Amended Complaint. (*See*, *e.g.*, Declarations of Juliet Fountain ¶¶ 18-24 (new allegations relating to absence and disciplinary suspension); Brenda Fritchy ¶ 11 (new allegations relating to subsequent discipline and suspension).)

Plaintiffs' omission of the requisite facts section is more than a mere technical violation of the Court's Individual Rules. By condensing their factual discussion into cursory references to detailed, external Declarations, Plaintiffs' brief has a profound impact on Defendants' ability to oppose the foregoing motion. During pre-motion discovery, the parties collectively took over fifty depositions and produced hundreds of thousands of pages of documentary evidence. The Court's class certification analysis will turn upon this very record. Namely, and as demonstrated by the extended portion of Plaintiffs' Memorandum of Law addressing this issue, (Pls.' Mem. at 12-32, 37-38), the Court must determine whether or not the Plaintiffs share common issues of fact. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ___, 2011 WL 2437013, at *8-9 (June 20, 2011). To oppose Plaintiffs' assertions, Defendants must rely heavily upon the factual record. However, because Plaintiffs did not present a fully-developed facts section, let alone any facts section whatsoever, and then incorporated by reference to Declarations extensive facts presented to the Court, Defendants must now include lengthy citations to particular Plaintiffs' Declarations

rather than refer to particular page numbers of Plaintiffs' Memorandum of Law.  As a result, Defendants are unable in fifty pages to both fully address the extensive factual record, especially the allegations referenced in Plaintiffs' Declarations, and also to respond to the detailed legal arguments presented by Plaintiffs' motion.

Defendants believe strongly that Plaintiffs' Motion for Class Certification has no merit, and that striking their Memorandum of Law would merely provide Plaintiffs with the opportunity to correct their blatant violation of the Court's Individual Rules and potentially benefit Plaintiffs from their infraction.  Accordingly, Defendants respectfully request that the Court strike Plaintiffs' Declarations, which contain their substantive factual allegations, or in the alternative provide Defendants with an additional ten pages (up to sixty pages) to fully address the extensive factual record raised by Plaintiffs in their Declarations.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court strike the

Plaintiffs' Declarations in Support of Their Motion for Class Certification or, in the alternative,

provide Defendants with an additional ten pages (up to and including 60 pages) in their

Memorandum of Law in Opposition to Class Certification to address the factual record raised in

Plaintiffs' substantive Declarations.

Dated: New York, New York
      July 15, 2011

                              SEYFARTH SHAW LLP

                              By:_____/s/ Lorie E. Almon_____
                                    Lorie E. Almon
                                    Krista G. Pratt
                                    Christie Del Rey-Cone
                              620 Eighth Avenue, Suite 3200
                              New York, New York 10018
                              (212) 218-5500
                              (212) 218-5526 fax
                              lalmon@seyfarth.com
                              kpratt@seyfarth.com
                              cdelreycone@seyfarth.com

                              *Attorneys for Defendants*