# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

(212) 218-5517
lalmon@seyfarth.com

Writer's direct fax
(917) 344-1169

November 9, 2011

**MEMO ENDORSED**

11/10/2011
5 page sur-reply
granted
[signature]

## VIA FACSIMILE TO (212) 805-6326

The Honorable Colleen McMahon
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

USDS [SDNY]
DOCU[MENT]
EL[ECTRONICALLY] [FI]LED
DOC #: _____
DATE F[IL]ED: 11/10/11

Re:   Thomas Oakley *et al.* v. Verizon Communications Inc., *et al.*
      09 Civ. 9175 (CM-MHD)

Dear Judge McMahon:

    As Your Honor knows, this firm represents Defendants in the above referenced action. We have reviewed Plaintiffs' Reply Memorandum of Law in Further Support of their Motion for Class Certification ("Reply Brief"), in which Plaintiffs raise new arguments for the first time regarding proposed declaratory and injunctive relief under Rule 23(b)(1) of the Federal Rules of Civil Procedure. (Reply Br. at 19-20.) We therefore, and regrettably, write to the Court seeking leave to submit a brief sur-reply to Plaintiffs' Motion for Class Certification.

    Even a cursory review of the parties' briefs shows that granting Defendants leave to file a narrow sur-reply is warranted. Plaintiffs' Memorandum of Law in Support of Their Motion for Class Certification ("Opening Brief") sets forth that Plaintiffs seek class certification under Rule 23(b)(1) and (b)(3) only. (Opening Br. at 43-49.) Elsewhere in their Opening Brief, Plaintiffs make only perfunctory references to injunctive relief without specifying the basis for such relief under Rule 23(b). (*See, e.g., id.* at 1, 27.) Therefore, and as argued in Defendants' Response Brief in Opposition to Plaintiffs' Motion for Class Certification ("Response Brief"), Plaintiffs abandoned their proposed Rule 23(b)(2) injunctive class, and nowhere in their Opening Brief do Plaintiffs specify that they are seeking to certify a declaratory or injunctive class elsewhere under Rule 23(b). (Response Br. at 38.)

    In stark contrast, Plaintiffs now argue for the first time in their Reply Brief that they are seeking injunctive and declaratory relief under Rule 23(b)(1). (Reply Br. at 19.) Plaintiffs, in fact, now state that their proposed Rule 23(b)(1) class "seek[s] *only* injunctive and declaratory relief." (*Id.*) (emphasis added). Indeed, elsewhere in their Reply Brief, Plaintiffs now assert that "declaratory and injunctive relief to effect changes to defendants' FMLA policies . . . lies at the

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

13879365v.2



The Honorable Colleen McMahon
November 9, 2011
Page 2

heart of the class relief sought in this case." (*Id.* at 14.) In support of these statements, made for the first time in their Reply Brief, Plaintiffs cite to page 20 and pages 29 to 42 of their Opening Brief. (*Id.*) However, those sections of their Opening Brief merely address alleged common policies under Rule 23(a), and do not specify that Plaintiffs are seeking declaratory and injunctive relief under Rule 23(b)(1) or any other provision of Rule 23(b). Simply put, these assertions are newly minted in their Reply Brief.

As explained in Defendants' Response Brief, and separate from the new issue of whether injunctive and declaratory relief for alleged FMLA violations is warranted under Rule 23(b)(1), Plaintiffs cannot sustain their burden to demonstrate a risk of inconsistent adjudications. (Response Br. at 39-40.) If given an opportunity to respond to Plaintiffs' new arguments, Defendants will further demonstrate that certification of a Rule 23(b)(1) injunctive and declaratory class is not warranted given the limited equitable relief available under the Family Medical Leave Act ("FMLA"). For instance, it is well-established that under the FMLA an "employer is liable only ... for 'appropriate' equitable relief, including employment, reinstatement, and promotion. The remedy is tailored to the harm suffered." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) (quoting 29 U.S.C. § 2617(a)(1)(B)). In other words, even if Plaintiffs could meet their burden under Rule 23(b)(1), which they cannot, the FMLA statute itself does not provide for the type of broad injunctive and declaratory relief that Plaintiffs now assert "lies at the heart" of this action. (Opening Br. at 14.) If granted leave, Defendants will thus use the sur-reply to show that the newly minted declarative and injunctive class sought under Rule 23(b)(1) should be denied. Without leave to file a sur-reply, Defendants will be unfairly prejudiced by Plaintiffs' misuse of their Reply Brief to make new arguments without giving Defendants an opportunity to answer them.

In the alternative to granting leave to submit a sur-reply on this narrow issue, Defendants respectfully request that the new arguments regarding declaratory and injunctive relief under Rule 23(b)(1) be stricken from Plaintiffs' Reply Brief. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("[N]ew arguments may not be made in a reply brief.").

Thank you for Your Honor's consideration and attention to this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

By____s/ Lorie E. Almon____
Lorie E. Almon

cc: Daniel Clifton (via email)
Louie Nikolaidis (via email)
Mary K. O'Melveny (via email)
Gabrielle Semel (via email)
Arthur Telegen

13879365v.2